Good morning, Your Honors. May it please the Court, Becky Walker-James, on behalf of the Defendant and Appellant Duane Howard-Jones, I'd like to reserve two minutes for rebuttal, if possible. This case presents a narrow legal issue of whether, for purposes of determining the grade of a supervised release violation, violation conduct that is indisputably misdemeanor conduct can nevertheless be treated as felony conduct when the State decides to punish it as a felony based on the Defendant's prior convictions that predate the Defendant's supervised release. And under this scenario, the misdemeanor conduct must be treated as misdemeanor conduct for three – essentially three reasons. And first, I think most fundamentally, to do otherwise runs afoul of this Court's precedent and commentary in the sentencing guidelines that the aim of supervised release violation sentences is to sanction the breach of trust in violating the supervised release, not to punish the underlying offense. So while the prior conduct may be highly relevant to the State, as it was here in punishing the offense that constitutes the supervised release violation, it does not change the analysis with respect to the violation. The conduct violating the supervised release is the same. And so for that reason, it should not – it should be based on the conduct, not the priors. And – but it's very odd because it's still measured by what's a crime under State law. In other words, it's because this is a crime under State law that this is a breach of trust and – because the condition is don't violate State law, essentially. And the measure under the statute is therefore keyed in, not to whether he was convicted under State law, but what would have been the case if he were convicted under State law. Right. But I think that the reference to State law or State or Federal law, the conduct that would constitute a misdemeanor or a felony in the grades, it really refers to as a measure of the seriousness of the conduct, of the conduct that constitutes the violation. And that becomes clear when you look at Application Note 1, which is the second reason why it should be treated this way. So Application Note 1 makes clear that the courts are to look at the actual conduct, not the way it was charged by the State. So even though there is this reference to the punishment for the underlying offense as some kind of measure of seriousness of the violation, it does not depend on how the State actually charges. So, for example, I mean, a State may strike prior strikes, or they may not – or may not have – a certain State may not have a recidivism statute that's the same as another one does. But so what I think Application Note 1 teaches is we don't concern ourselves with those charging decisions or even those statutory decisions. We look at what the actual conduct comprising the violation is, and here that was misdemeanor conduct. And finally, to do – to hold otherwise would result in not only double-counting, but triple or even more counting of these prior – prior convictions. In this case, for example, these prior convictions date back to 2005, so were counted not only then, but again in his part of his – again with the second offense, again in his criminal history on the State side as well as on the Federal side, his criminal history category, which is again taken into account here in his supervised release violation. So then to count it again in the grade of the violation results in, you know, a sort of endless exponentiation. And that argument has just been rejected in countless different contexts. I mean, it may have some – had some initial appeal, but so many – in so many different contexts it's been said that a recidivism consideration and criminal history are different things essentially. Well, and standing alone, I mean, that might not be, you know, a sufficient reason. It may not make it, you know, unconstitutional, for example. But in considering what the Sentencing Commission was looking – was going after here, you know, I think it is relevant to think about the consequences of this and how this is being – how this criminal history – what the impact. Well, sure. But, you know, we did that in Corona-Sanchez and different contexts, obviously. But then the Supreme Court said, Ramirez, no, that you got that wrong. And that was the – that was the entire theory that we relied on in the en banc court, basically, is you should look at the conduct and not the recidivism. And the Supreme Court said, no, you look at that. So why shouldn't Ramirez and that theory govern here? Well, I think coming back to the – to the initial point, which is that in this context we aren't looking to punish – the State has already done that, right? We aren't looking to punish the underlying offense here. That's for the State to do. Here we are looking at sanctioning the violation of the supervised release. But obviously you can look at it, well, one of two ways. The breach of trust is committing the crime. And the other is the breach of trust is committing the crime when you had prior convictions. And then those are two different things. It's like felony possession of a gun. I mean, if you – somebody who has a gun, having the gun – I understand in that instance just having the gun isn't a crime at all, but all the more so. I mean, why is it that if you're a felon in possession of a gun, presumably for purposes of the statute, that matters of this guideline? Right. Well, again, because in part he's already been punished for that. That recidivism has already been taken into account in his State sentence, and handily so. I mean, he was sentenced to three years in the State – in the State case based on that – based on the recidivism statute. Of course, that's always true in these cases. They've already been punished for the crime. Right. Right. But that's exactly the point, I think, of McBell and this Court's case law, and the Sentencing Commission recognizes that as well, that that – we aren't looking to punish this conduct as such. We aren't looking to – so all these considerations about, well, shouldn't we take into account recidivism, you know, make a lot of sense when you're looking at punishing the crime. But that's already happened here. So what we're looking at here is what did he actually do to violate the terms of his supervised release, and does it really make any difference that he had conduct before that predated his supervised release? I mean, that conduct – No, I think the argument is, though, that if committing a crime with a prior requires perhaps a different mental state, a different breach of trust than simply committing a crime. Well, I – How do you distinguish that? That's the argument. Yeah. A different mental state. Well, I mean, I think, though, that that does really come back to – I mean, the I mean, his – remember, his mental – I mean, his criminal history, of course, is already taken – is taken into account in determining the range for that violation. Right. But I was responding to your argument about breach of trust. The argument on the other side is it's a qualitatively different – a different type of breach of trust if you're committing a crime with a prior, because the State has chosen to make that a separate crime. Well, but again – but the State has chosen to make that a separate crime. Right. We're talking about breach of trust. I think the argument on the other side – I'm just trying to get your response to it – is it's qualitatively, it's far different. Well, I – but I guess I would say it's not qualitatively different. I mean, I think the breach of trust is really the same. It's the decision to, you know, to not abide by the terms of the supervised release, and that's really the breach of trust. And whether or not he's got a prior in the past really doesn't change that breach of trust. I mean, it might have other factors in terms of thinking about detriment. It could be considered to be – make it more egregious in the sense that he is obviously could be seen as more incorrigible because he has even the deterrent of a higher sentence for – because the recidivism isn't affecting him, and he has – I mean, Rodriguez says that it's an erroneous proposition that a defendant's prior record of conviction is no fair in the seriousness of an offense. An offense committed by a repeat offender reflects greater culpability and merits greater punishment. So why isn't it also just a greater breach of trust? Well, I mean, I think that the greater breach of trust would really – the relevant factor would be has he violated in the past, right? Because that's really the violation that we're looking at, violating of the supervisory. And if he had prior – and of course, courts do consider that all the time. If these are repeat violations, of course, they're going to be punished more severely. Right, but there's a qualitative difference, I think. For example, let's say there's a curfew. He blew a curfew, and he has a – he violated his supervised release. Well, he does it again. I mean, that's different from committing a crime or committing a crime with a prior, don't you think, in terms of how the district court has to look at it? Well, sure. And I think, you know, the guidelines do take into account the seriousness. That's what the grades are about. The seriousness, the extremeness of the violation. Is this a minor technical violation, or is this something – you know, conduct that constitutes a crime and how serious a crime it is. But as far as how you evaluate the conduct that violates it, you really have to look at the conduct that violates the supervised release and sanction that and not punish the crime itself, which is what the State does and has done here. And I see I'm out of time. Thank you, counsel. May it please the Court. Max Scheiner, appearing on behalf of the United States. Guidelines section 7B1.1 directs the district court to determine whether the criminal conduct was punishable by term of imprisonment exceeding one year, and as this Court appears to recognize, this is a commonly understood phrase in which all the circuits that have discussed this issue have determined takes into account the potential punishment any recidivist enhancements for prior convictions. And there's a common-sense idea behind that reasoning. That is that conduct, repeated criminal conduct, is, in fact, more severe than the defendant's actual conduct. And the reason that the defendant's actual conduct is more severe is the heat of the rebuttal. Breyer, what do we make of the words in application note 1, the grade of the violation is to be based on the defendant's actual conduct? I think the best expression of this argument is in United States v. Trotter, where it rejected the argument in Lee, and this is the defendant's argument, that application note 1 is intended to broaden the district court's consideration of the conduct. In fact, application note 1 is intended to broaden the conduct that the district court considered. The second sentence in that application note states that a violation of this condition, a condition to not commit any Federal, State, or local laws, may be charged whether or not the defendant has been subject to criminal prosecution. So this application note is dealing with a situation, a common situation, where a defendant has committed a crime but has not been charged or not yet been charged or has been charged and charges have been bargained away for one reason or another. It's both. Kagan. Kagan. Kagan. The piece of this that troubles me is that there are recidivists enhancements all over the place in State and Federal law, and they vary enormously and they're invoked at, you know, to different proportions. And if we start importing them into this context, it seems that we may really be overstating the sort of on-the-ground understanding of what this person has done in the sense that the States, you know, often will never use this. And it's not – I mean, this one happens to be fairly embedded in the statute. Sometimes they're floating around someplace else entirely in the State codes. And you can probably find them for many things, for almost any person who's committed a crime before. But I sort of doubt it's done routinely, and it seems to lend itself to overreaching. Well, I guess I have – there would be several aspects to my answer. First would be this Court has already recognized that in United States v. Charlebois that violations of State law are placed by Section 3583d on an equal footing with violations of Federal law or any other violations. In other words, the supervised release statute is placing State and Federal offenses the same and intending to respect the judgment of State legislatures just as it would reflect the judgment of Congress in the Federal. Well, my point is it may be the judgment of the State legislatures, but the prosecutors may actually not be doing it, and everybody knows it. I'm sorry? The prosecutors, it may not actually be doing it, and everybody knows it. I think that's a consideration that could be brought up at the sentencing hearing on the supervised release violation. Potential punishment would set the grade. These are certainly arguments that could be made under Booker to reduce the punishment or not. It's not an issue in this case. Here the defendant was sentenced after having been convicted of lewd conduct with a prior lewd conduct conviction. He faced the punishment of three years. He received the maximum punishment of three years. Obviously, the trial court judge felt that his conduct was severe. And so the – that just points out the sort of absurdity that would result if the defendant's construction of the statute was adopted, in which case here where a defendant received a three-year sentence for felony conduct, which no one disputes is felony, it was a felony in the state court level, is before the district court, and the district court is constrained to consider it a misdemeanor. The actual conduct language. I mean, the one thing we know is it doesn't matter what he was convicted of under State court laws. Well, that's true, but I'm just pointing out that this would lead to absurd results. For example, what's – let's say you've got a – defendants who are similarly situated, one is across the border in a state that doesn't have the recidivist felony gloss on the same conduct. Yet for Federal sentencing purposes, one gets a felony and one gets a misdemeanor. What's logical about that? Well, again, we're respecting the State court's judgment, and I would go to the reason we place people on supervised release. Well, not we, district courts. District courts place an individual on supervised release in order to constrain the person's conduct to the law after being released from custody, knowing that the person has committed a crime, and that individual defendant is going to be placed in a particular community where his conduct is expected to be in accordance with the law of that jurisdiction. So there may be differences between State laws, between here and across the border in Nevada. The difference is the supervised release term that requires the defendant to conform his conduct to all State and local laws means go into that community and act in accordance with the standards of that community as expressed by the criminal laws of that State or local area. Well, I don't dispute that, but when you're talking about a difference between a felony and a misdemeanor based on recidivist activity, and you have differences among States, it certainly does undermine the uniformity of Federal sentencing. If you're looking at actual conduct, which application no one talks about. Well, you could say it's not uniform in terms of the supervised release sentencing, or you could say that it's uniformly applying State law or the standards of the community where a person is residing, and that is why, and I think that's proper because, again, the supervised releasee is being ordered to constrain his conduct to the law of the place where he's choosing to live after he's being released on supervised release. Let me turn to a different subject. At the end of the day in the real world, why isn't this triple, quadruple counting? I mean, you have a prior, then you're punished for the prior in State court, you're punished for the prior at the original Federal sentencing, and then there's additional enhancement at revocation of supervised release. I mean, that's a lot of enhancements based on prior. I think you mentioned the answer, Judge Thomas, and that is that the courts do not, the courts have clearly held that recidivist sentencing schemes are not double punishing prior convictions. I grant you that, but at some point, don't you think that it amounts to that? No, I don't. I think that people who continue to commit criminal violations, be it those violations of substantive offenses or supervised release violations, ought to have their offenses punished in an elevating fashion. Now, the left of the two is not. This was already taken account of in the original sentence. It doesn't, Your Honor. And you cited the original Federal sentence. I'm sorry? I thought this was already taken account of. The prior was already taken account of in the original Federal sentence. The Federal sentence took into account his criminal history, which had a prior. And it's clear that the criminal history measures risk of recidivism. But as you noted, Judge Berzon, the Rodriguez case, which you cited by the parties in the briefs, the Supreme Court's case noted that this Court consistently sustained repeat offender laws as penalizing only the last offense committed by the defendant. In other words, although his risk of recidivism was counted on the criminal history axis of the guideline scale, his new supervised release violation being based on a repeat offense is considered more severe. It's not measuring risk of recidivism at this point. It's measuring the fact that, as I quoted in my brief, defendant's crime was not merely the commission of the crime of theft, for example, but the crime of theft as a commission of a habitual offender, as put by the Eleventh Circuit in Wadley. The Sixth Circuit agreed. The higher maximum sentence where a defendant has a prior evidence is the Congress' belief that defendant's prior convictions affect the severity of the subsequent offense. This Court has acknowledged that the guidelines consistently use criminal history as the basis for this dual use. It's been approved in many different contexts. It's used in the criminal offender context, where prior convictions will elevate the base offense level if they're present. Under the Firearms Guideline 2K2.1, base offense levels are increased for prior convictions. Kagan. No arguable differences in this context from the others, and I'd like you to address them. I mean, you somewhat have, but, I mean, one is the spiritual trust concept, and the other is the actual conduct language, neither of which are floating around in all these other otherwise similar contexts. Is that better? I'm sorry, I'm having trouble hearing you, Your Honor. It's all right. There are two differences, it seems to me, arguably, in this context. One is the breach of trust concept, i.e., you're not exactly punishing the offense. You're punishing something slightly different. And secondly, the actual conduct language. So the question is whether all the Rodriguez and all of those cases carry over, despite those two differences. Well, whether they could carry into the supervised release context because we're dealing with a breach of trust here. I believe it does become a way in which committing a sexual abuse because the way when you've done it before is a different breach of trust. When everybody, I mean, first of all, the fact that you did it before was a premise of your original sentence anyway. Yes, it was. So it's a more severe offense. Now, the guidelines specifically structure the grade A, B, and C violations  in SIMTOP, this court's case law. And I'll conclude with this because I know I'm over time. This court has stated that the severity of the offense can be taken to account to a limited degree. That's the degree to which it is taken into account in the guidelines. Because the fact that a defendant committed a repeat offense is a factor that increases the serious of the new offense and the guidelines and all recidivist offenders statutes recognize this and SIMTOP does as well. Thank you, counsel. Thank you, Your Honor. Give you two minutes for rebuttal. Thank you, Your Honor. Just a couple of brief points. On the actual conduct language in Application Note 1, while it may be the more typical scenario that we're talking about, a charging decision where charges may have been brought, the principle is the same. We're looking in supervised release cases at the actual conduct. And that's what the Sentencing Commission is teaching. We look at what the defendant actually did to violate the supervised release, not at how the State treats it. And that same principle applies here because to look at the recidivism component of it really just looks at how the State treats it. And I think as Your Honor's question was suggesting, that creates a problem where different States can treat, you know, it may be that one State has a recidivism statute, another one doesn't, and you're going to end up with disparities. So instead of having that the whole guidelines set up that way, if one State makes a crime, makes a felony out of something and the other one makes a misdemeanor out of it, it matters. Well, right, I mean, there is that potential for disparity, but it's certainly exacerbated in this scenario where recidivism can be treated differently and can be treated extremely harshly in certain States and not in others. So it's an issue, the disparity is one issue, that I think the commission was attempting to get at in looking at the actual conduct and not the charging decisions or the way that the offense was charged. So at the end of the day, why isn't Booker sufficient just to take all this into consideration when, I mean, you can make this argument in front of the district judge and say you have the freedom to depart from the guidelines, and why isn't that sufficient? Well, it may be, Your Honor, and it may be, and that may actually be the answer. The answer here is that if, you know, if the court does believe that the priors do have some impact, considering properly the breach trust, the violation, if this makes this person, if the court really believes that this is a person who, because of this or because of all of the factors considered, is somebody who is more likely to violate that trust again or is, needs to be, you know, sanctioned more severely for that violation of trust, then the court does, of course, can consider that in considering the point within the range or considering whether to depart upward. In fact, there is some commentary to that effect in 7b.1.4 that it may be, if there's a high risk of new conduct, that's something that can be considered for a perversion of upward departure. I think that is really the way that the court should be looking at it. If it's maybe a factor that the court can consider in its discretion, but it should not change the grade of violation because the grade of violation is based only on the conduct that constitutes the breach of trust. I think I am out of time. Thank you very much. Roberts. Thank you for your argument. The case just here will be submitted for decision. And thank you both for your arguments in the case.
judges: Alarcon, Thomas, Berzon